ed on the ——— day of April, 1819, upon motion of McDaniel, it appearing to the court that special bail was entered on the 6th of April, 1819, the execution was quashed as to him, McDaniel. On the 6th of April, 1824, upon an execution issued on the 16th of April, 1819, agreeably to an office-judgment entered at the rules on the 10th of April, 1819, on the motion of McDaniel, and it appearing that special bail was entered on the 6th of April, 1819, it was ordered that the judgment as to McDaniel be set aside, and that execution as to him, be quashed; and a writ of restitution was awarded to the said McDaniel, he having before paid the money on the execution, to Riggs, upon receiving an assignment of the execution against Dixon; which execution was returned by the sheriff, at the return term, (August, 1819,) with the indorsement of the assignment thereon; but without any other return written thereon. Riggs was never a resident in Virginia; and a writ of restitution could never have been served upon him, if such could have issued, or had issued against him. It did not appear, by the record, whether the writ of restitution was awarded against Shepherd, the legal and nominal plaintiff in the action, or against Riggs, for whose use the suit was originally brought, as appeared by the record, and who actually received the money; although this fact, the receipt of the money by Riggs, did not appear in the transcript of the record. The question submitted to the court was, whether the plaintiff was entitled to recover, in this action, upon that state of facts.

THE COURT (CRANCH, Chief Judge, contrà) was of opinion, that the plaintiff was entitled to recover.

CRANCH, Chief Judge, thought that as this was an action for money had and received, which is an equitable action, the plaintiff must show that ex aequo et bono, he was entitled to get back the money; but as he had received an assignment of the judgment at the time of paying the money to Riggs, (which was a valuable consideration,) and still held that assignment, Riggs, who had lawfully received the money, had a right to retain it; especially as McDaniel was still bound as special bail.

McDANIEL (UNITED STATES v.). See Case No. 15,666.

## Case No. 8,746.

### McDANIEL v. WAILES.

[4 Cranch, C. C. 201.] [1]

Circuit Court, District of Columbia. May Term, 1832.

EJECTMENT—AMENDMENT OF THE FICTITIOUS LEASE.

In ejectment, the fictitious lease may be amended, after the jury is sworn, upon payment of the costs of the term.

[1] [Reported by Hon. William Cranch, Chief Judge.]

The fictitious lease to the plaintiff [McDaniel's lessee] was, by mistake, dated before the expiration of the lease to the defendant [Wailes, tenant of Dyer].

After the jury was sworn, the plaintiff prayed leave to correct the declaration in that respect, which

THE COURT (nem. con.) permitted to be done on payment of the costs of the term. A juror was withdrawn, the amendment was made, and the jury sworn again.

McDERMOTT (HOWE v.). See Case No. 6,768.

## Case No. 8,747.

### McDERMOTT v. NAYLOR.

[4 Cranch, C. C. 527.] [1]

Circuit Court, District of Columbia. March Term, 1835.

PRACTICE AT LAW—CLERK OF COURT—FAILURE TO ENTER APPEARANCE—REINSTATEMENT.

A replevin discontinued at March term, 1834, by negligence of the clerk, was reinstated at March term, 1835.

Replevin, discontinued at March term, 1834, for want of appearance by the defendant.

Mr. Hall, for defendant, moved to reinstate it on the docket, on the ground that he had directed the clerk to enter his appearance for the defendant at March term, 1834, which he neglected to do. See Williamson v. Bryan, April, 1823 [Case No. 17,751]; and French v. Venable [Id. 5,105], December, 1824, in this court. Reinstated.

## Case No. 8,748.

### M'DERMOTT v. The S. G. OWENS.

[1 Wall. Jr. 370.] [2]

Circuit Court, E. D. Pennsylvania. Nov. 13, 1849.

MARITIME LIEN—STEVEDORE—COSTS.

1. No lien exists in the admiralty for services performed by a stevedore in loading and storing the ship's cargo.

[Cited in The A. R. Dunlap, Case No. 513. Disapproved in The George T. Kemp, Id. 5,341. Followed in Paul v. The Ilex, Id. 10,842. Criticised in Roberts v. The Windermere, 2 Fed. 725. Cited contra in The Canada, 7 Fed. 121; The Wivanhoe, 26 Fed. 928. Criticised in The Maggie P., 32 Fed. 301; The Gilbert Knapp, 37 Fed. 211. Disapproved in the Main, 2 C. C. A. 569, 51 Fed. 956, 957.]

2. An unfounded claim for lien dismissed without costs, the owners of the vessel having profited by the claimant's services,—which constituted a personal demand,—under circumstances not quite honourable.

M'Dermott claimed a lien for labour and services as a stevedore in loading and storing

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by John William Wallace, Esq.]